**Cal R. BLASDEL, Plaintiff,**

v.

**James T. MULLENIX, Defendant.**

**No. C–70–591.**

United States District Court,
W. D. Oklahoma.

Dec. 22, 1971.

M. Marcus Holcomb, Holcomb & Holcomb, Buffalo, Okl., and Peter B. Bradford and Reford Bond, McAfee, Dudley, Taft, Cates & Mark, Oklahoma City, Okl., for plaintiff.

Don Hamilton and Don J. Harr, Oklahoma City, Okl., for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

CHANDLER, District Judge.

This cause came on for trial and the Court having heard the evidence and considered the same, finds the facts and states the conclusions of law as follows:

### FINDINGS OF FACT

1. That the plaintiff is a resident of the State of Oklahoma; that the defendant is a citizen and resident of the State of Texas; that there is diversity of citizenship; that the amount in controversy exceeds the sum of $10,000.00 and that this Court has jurisdiction of the parties and subject matter of the action.

2. That on or about April 22, 1968 the defendant offered and sold to the plaintiff 300 shares of the common stock of American Hydroponic Systems, Inc. for the sum of $3,000.00.

3. That on or about December 9, 1968, the defendant offered and sold 1,000 shares of the common stock of American Hydroponic Systems, Inc. to the plaintiff for the sum of $10,000.00.

4. That on or about December 9, 1968, the defendant offered and sold 1,400 shares of the common stock of American Hydroponic Systems, Inc. ("the Corporation") to the plaintiff for a convertible debenture of Double Jay Corporation owned by plaintiff which had a value of $7,000.00.

5. That these offers and sales were made within the Western District of the State of Oklahoma.

6. That the defendant was President, a director and a person controlling the Corporation at the material times involved herein.

7. That during the period from Easter 1965 and up until December 9, 1968 the defendant made the following untrue statements of material facts to the plaintiff with knowledge that the statements were untrue:

(a) That Double Jay Corporation would merge and had merged with American Hydroponic Systems, Inc.; (b) that the stock of the Corporation would be listed on the New York Stock Exchange and would be sold at an issuing price of $10.00 per share; (c) that the sales of the Corporation were increasing and that its business was prospering throughout that period; (d) that the stock of the Corporation had a value of at least $5.00 per share.

8. The plaintiff did not know at any material time of the untruth of the statements made by the defendant; that the plaintiff did not discover the untruth of the statements set out herein until August of 1970 and could not have made such discovery by the exercise of reasonable diligence due to the letters and telephone calls of defendant to plaintiff stating that sales of the Corporation were great; that the Company was prospering which induced the plaintiff not to discover the truth.

9. That the defendant in connection with the sale of the securities described herein omitted to state to the plaintiff the following material facts necessary in order to make the statements previously made, in light of the circumstances un-

der which they were made, not misleading.

(a) That defendant had purchased his stock of the Corporation for approximately $1.00 per share.

(b) That all of the stock defendant was selling to plaintiff was stock belonging to the defendant and not that of the Corporation.

(c) That the defendant had sold or was selling his remaining stock in the Corporation to another party for $2.50 per share.

(d) That the liabilities of the Company were substantially in excess of its assets;

(e) That for the fiscal year ended November 30, 1967 and November 30, 1968 the Company had substantial net losses; that for the period beginning December 1965 and ending November 30, 1968 both the sales and earnings of the Corporation were in a substantial decline;

10. That the offers and sales of the securities described herein were made by use of means or instrumentalities of transportation or communication in interstate commerce and by use of the United States mail.

11. That the defendant had knowledge at all material times that (a) Double Jay Corporation had not and would not merge into Corporation; (b) that the stock of the Corporation would not be listed on a New York Stock Exchange upon issue; (c) that the sales of the corporation were decreasing and that the Corporation had sustained increasingly greater losses from operations each year from December 1, 1965 to November 30, 1968; (d) that the value of the stock of the Corporation was substantially less than the price paid therefor by plaintiff; (e) that defendant had only paid $1.00 per share for his stock; (f) that the defendant was selling his remaining stock in the Corporation for $2.50 per share; (g) that the Corporation had liabilities which were substantially in excess of its assets for the period of December 1, 1965 through November 30, 1968; (h) that for the fiscal years ended November 30, 1967 and November 30, 1968, the Corporation had substantial net losses; (i) that for the period beginning December 1, 1965 and ending November 30, 1968 both the sales and earnings of the Company were in a substantial decline.

12. That the defendant at numerous times during the period between Easter of 1965 and August of 1970 had made written or oral and telephonic communications of untrue statements to plaintiff constituting schemes and artifices to defraud for the purpose of inducing the plaintiff not to discover the truth. Plaintiff did not suspect the untruth of the statements made by defendant or that omissions to state the truth had been made until August of 1970.

13. For the purpose of inducing plaintiff not to discover the truth, the defendant failed to disclose to plaintiff (a) that Double Jay Corporation had not merged into the Corporation, (b) that the stock would not be listed on the New York Stock Exchange upon issue; (c) that defendant had only paid $1.00 per share for his stock; (d) the value of the stock did not exceed $2.50 per share; (e) that the Corporation had substantial losses in operations during the fiscal years 1966, 1967 and 1968, (f) that the liabilities of the Company were substantially in excess of its assets; (g) that for the fiscal years ended November 30, 1967 and November 30, 1968 the Company had substantial net losses; (f) that for the period beginning December 1965 and ending November 30, 1968 both the sales and earnings of the Company were in substantial decline; (g) that in February 1969 the defendant had resigned as an officer and director of the Corporation; (h) that the defendant sold all of his stock in the corporation to a third party for $2.50 per share; (i) that the registration statement of the corporation filed with the Securities and Exchange Commission in February 1969 was withdrawn by the Corporation; (j) that the stock was therefore not to be listed for public sale.

14. That the plaintiff would not have purchased the securities in December of 1968 had he known of the facts concealed from him by defendant.

15. That the stock of the Corporation has no value and the plaintiff has tendered into court the securities which are the subject of this action.

16. That the defendant did not make a written offer prior to the filing of this action to refund the consideration paid defendant by plaintiff nor did defendant offer to pay plaintiff 6% interest on the consideration paid.

17. That the testimony of Jim K. Choate, President, American Hydroponic Systems, Inc. by deposition upon written questions was properly admitted into evidence, that witness being at a distance greater than 100 miles from the place of the trial.

18. That the communications and representations made by defendant to plaintiff described above were made with knowledge that they were false and as a positive assertion with intent that they should be acted upon; that the plaintiff parted with his money and property in reliance on the representations made and in reliance upon their constituting the whole truth and thereby suffered injury.

## CONCLUSIONS OF LAW

■ 1. That the acts committed by defendant constitute untrue statements of material fact and omissions to state material facts necessary in order · to make the statements made, in the light of the circumstances under which they were made, not misleading (the plaintiff not knowing the untruth or omission), and the defendant did not sustain the burden of the proof that he did not know, and in the exercise of reasonable care could not have known, of the untruth or omission and, as such, are violations of Section 408(a)(2) of the Oklahoma Securities Act.

■ 2. That the acts committed by the defendant were in connection with the offer and sale of securities by the use of means or instrumentalities, transportation and communication in interstate commerce and by use of the mail and constituted the employment of a device, scheme and artifice to defraud for the purpose of obtaining money or property from the defendant by means of untrue statements of material facts and omissions to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading, all of which operated as a fraud and deceit upon the plaintiff; that the acts and omissions committed by defendant constitute violations of Section 12(2) of the Securities Act of 1933 and Section 17(a) of the Securities Act of 1933.

■ 3. That the acts committed by defendant were in connection with a sale of securities by the use of instrumentality in interstate commerce and the mails for the purpose of employing a scheme to defraud the plaintiff and constitute untrue statements of material facts and omissions to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; that the acts and omissions committed by the defendant constitute violations of Section 10(b) of the Securities Act of 1934 and Rule 10b–5 of the Securities and Exchange Commission promulgated thereunder.

■ 4. That the acts and omissions committed by the defendant were misrepresentations of material facts made with the intent to deceive the plaintiff for the purpose of inducing plaintiff to purchase the securities described herein with knowledge by the defendant of the untruth of the misrepresentations and, as such, constitute fraudulent acts resulting in damage to the plaintiff.

5. That the acts committed by the defendant in failing to disclose to the plaintiff material facts misled the plaintiff to his prejudice.

6. Defendant's failure to disclose the material facts described herein resulted in a breach of his duty to speak the

whole truth to plaintiff and, as such, constitutes fraud resulting in damage to the plaintiff.

7. That the sale of securities occurring on or about April 22, 1968 is barred by the statute of limitations but the sales of securities on December 9, 1968 were not so barred.

8. That plaintiff is entitled to rescind the contract whereby he purchased said securities.

9. That the plaintiff is entitled to recover a judgment against the defendant in the amount of $17,000 plus interest thereon at 10% from the date of purchase. Plaintiff is entitled also to recover a reasonable attorneys fee in the amount of $1700.00, together with the costs of this action.